**Opinion issued June 10, 2025**



In the

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00392-CV**

———————————

**IN RE RONALD DWAYNE WHITFIELD, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator Ronald Dwayne Whitfield has filed a petition for writ of mandamus, requesting that we order the trial court to void a 2017 judgment terminating his parental rights and the subsequent adoption of the child involved in the case below.[1]

---

[1] The underlying termination-of-parental-rights case was trial court cause no. 2017-02559J, which was decided by the 314th District Court of Harris County and affirmed on appeal by this Court. *See In the Interest of K.L.W.*, No. 01-18-00485-CV 2018 WL 6378008 (Tex. App.—Houston [1st Dist.] Dec. 5, 2018, no pet.) (not designated for publication.).

Relator has been adjudicated a vexatious litigant subject to prefiling orders.[2] The prefiling orders all state that, pursuant to Section 11.101 of the Texas Civil Practice and Remedies Code, relator is prohibited from filing new litigation in any Texas court without obtaining prior permission from a local administrative judge. A prefiling order entered by a district or statutory county court applies to each court in this state. *See* TEX. CIV. PRAC. & REM. CODE § 11.101(e).

Section 11.102 provides that a vexatious litigant subject to a prefiling order is prohibited from filing, pro se, new litigation in a court to which the order applies without seeking the permission of—

(1) the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

(2) the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

*Id.* § 11.102(a).

Section 11.103 provides that, subject to the exception in Subsection (d), "a clerk of a court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section

---

[2]  *See* https://www.txcourts.gov/media/1325333/Prophet-Ronald-Dwayne-Whitfield-Cause-No-2015-22882.pdf;  https://www.txcourts.gov/media/1337797/Prophet-Ronald-Dwayne-Whitfield-Cause-No-2015-45473.pdf; https://www.txcourts.gov/media/1328157/Prophet-Ronald-Dwayne-Whitfield-Cause-No-2015-22666.pdf

11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." *Id.* § 11.103(a) (emphasis added). The exception in Subsection (d) permits a clerk of a court of appeals to file an appeal from a prefiling order that designates a person a vexatious litigant or a timely-filed writ of mandamus under 11.102. *Id.* § 11.103(d). The local administrative judge's decision to deny permission is not grounds for appeal but the litigant may apply for a writ of mandamus not later than the 30th day after the date of the decision. *See Id.* § 11.102(f).

Relator's petition is an attempted collateral attack on the 2017 termination-of-parental-rights judgment. Thus, relator must provide proof of permission from the local administrative judge to file this mandamus. *See id.* § 11.103(a). Because relator has not made the required showing that the local administrative judge permitted this original proceeding, relator may not proceed with this original proceeding, and we must dismiss the petition. *See Florence v. Guarnelo*, No. 01-17-00690-CV, 2017 WL 5495129, at *1 (Tex. App.—Houston [1st Dist.] Nov. 16, 2017, no pet.) (mem. op) (dismissing appeal after failing to provide proof that local administrative judge gave permission for filing of appeal); *Kastner v. Fulco*, No. 01-13-00100-CV, 2013 WL 6157392, at *1-2 (Tex. App.—Houston [1st Dist.] Nov. 21, 2013, no pet.) (mem. op.) (holding same).

Accordingly, we dismiss this petition. We also dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.